IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM REYNA, | : | |
| SUSAN REYNA, | : | |
|     Plaintiffs | : | |
| vs. | : | CIVIL NO. 1:CV-10-0588 |
| THE PHOENIX INSURANCE CO., | : | |
|     Defendant | | |
|     Third Party Plaintiff | : | |
| vs. | : | |
| SUBURBAN PROPANE, INC., | : | |
| t/d/b/a SUBURBAN PROPANE, | | |
|     Third Party Defendant | : | |

*M E M O R A N D U M*

*I.  Introduction*

Presently before the court is third-party defendant Suburban Propane, Inc.'s ("Suburban") motion to dismiss the complaint filed against it by defendant/third-party plaintiff Phoenix Insurance Co. ("Phoenix"). This matter concerns the discharge of home heating oil, allegedly caused by the negligence of a Suburban employee, at the home of plaintiffs William and Susan Reyna. Consequently, plaintiffs initiated a civil action in the Court of Common Pleas of York County, Pennsylvania against Suburban. Based on issues arising in that case, plaintiffs brought the instant action against Phoenix, insurer of plaintiff's property. On October 20, 2010, Phoenix filed, and we granted, a motion to implead Suburban as a third-party defendant. Thereafter, Suburban filed the instant motion.

In its motion, Suburban essentially offers three arguments in support of dismissal: (1) improper basis for impleader; (2) unavailability of Phoenix's subrogation

claim; and (3) abstention. In the alternative, Suburban files a motion for a more definite statement. After review, we will deny Suburban's motions.

*II.     Discussion*

   *A.    Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

### B. Third-Party Complaint

Third-Party defendant Suburban argues that Phoenix improperly pleaded that Suburban was solely liable to plaintiffs, as opposed to being liable to Phoenix for all or part of plaintiffs' claims. Federal Rule of Civil Procedure 14(a) provides that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." In its complaint, Phoenix alleges that Suburban is "solely liable to the Plaintiffs, or is jointly liable and/or severally liable with Defendant to Plaintiffs, or is liable over to Defendant for contribution and/or indemnity, for and damages claimed by the Plaintiffs should such damages be proven at trial." (doc. 37, ¶ 6.) It is clear from Phoenix's complaint that it raises multiple, alternative grounds for relief, only one being that Suburban is solely liable to plaintiff. Since pleading in the alternative is authorized by Rule 8(d) of the Federal Rules of Civil Procedure, we find Suburban's argument to be unpersuasive.

Likewise, we find its argument that Phoenix did not properly plead a subrogation claim to be equally unpersuasive. As we previously indicated, Phoenix claims that Suburban is liable for "contribution and/or indemnity". Suburban claims that this language indicates that Phoenix is bringing indemnity and contribution actions, which is not permitted under Pennsylvania law. While the words "subrogation" do not appear in Phoenix's complaint, "the court cannot accept [Suburban's] claim that [Phoenix's] third-party complaint must be dismissed because it does not expressly use the term 'subrogation.'" *Banks Tower Communications, Ltd. v. Home Insurance Co.,* 590 F.Supp. 1038, 1041 (E.D. Pa. 1984). While inartfully pled, it is clear from the complaint that Phoenix intended to allege a claim for subrogation. Furthermore, in its brief in opposition, Phoenix specifically states that it is pursuing a subrogation claim.

(doc. 48, pg. 5.)  Since subrogation claims are permitted by Rule 14(a), *see Oswald v. State Farm Mut. Auto. Ins. Co.*, No. 09-2578, 2010 WL 2697113 (M.D. Pa. July 6, 2010), we will not dismiss the complaint on this ground.

Finally, Suburban contends that Phoenix is barred from pursuing its subrogation claim because the statute of limitations has run.  A statute of limitations defense may be raised through a 12(b)(6) motion only if it is clear from the face of the complaint that the action would be time barred.  *Benak v. Alliance Capital Mgmt., L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).  Under Pennsylvania law, subrogation is an equitable doctrine that places the subrogee in the position of the subrogor, and thus subject to all defenses that may be raised against the subrogor.  *Public Serv. Mut. Ins. Co. v. Kidder-Friedman*, 743 A.2d 485, 488 (Pa. Super. Ct. 1999).  This includes a statute of limitations defense.  *See Torres v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 645 A.2d 1322, 1323 (Pa. Super. Ct. 1994).  The governing law is Pennsylvania's two-year statute of limitations for negligence claims.  42 Pa.C.S.A. § 5524.

Here, Suburban claims that Phoenix failed to bring its subrogation claim within the two-year statute of limitations period for negligence actions.  It is undisputed that plaintiffs negligence action accrued on the date of the injury, in this case September 27, 2005.  It is equally undisputed that plaintiffs are pursuing a negligence action in state court, which was filed within the applicable statute of limitations period.  (*see* doc. 50, pg. 8.)  Suburban therefore does not have a credible statute of limitations defense against the plaintiffs because of the timely filing of their action.  Since a subrogee is subject to all defenses that may be raised against the subrogor, it follows that Suburban is barred from pursuing a statute of limitations defense against Phoenix by virtue of plaintiffs negligence suit being timely filed in state court.  *See Young v.*

*State Farm Mut. Auto. Ins. Co.,* 951 F.2d 1262, 1992 WL 1690, at *4 (10th Cir. 1992)(nonprecedential)(for the proposition that a subrogee is free from a statute of limitations defense if the subrogor timely filed suit against a tortfeasor).  Thus, we will deny relief on this claim.

    *C.    Abstention*

        Suburban also argues that we should abstain from hearing this action because of the ongoing proceedings in state court.  It is well established that the doctrine of abstention allows a federal court to abstain, either by a stay or dismissal, from hearing a federal action when there is a parallel ongoing state court proceeding. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 307 (3d Cir. 2009)(citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976)).  This is a narrow doctrine that should be employed sparingly. *See Nationwide*, 571 F.3d at 307.  Initially, we must determine whether there is a parallel state proceeding that "raises substantially identical claims and nearly identical allegations and issues." *Id.*  If there are parallel proceedings, we must then determine whether, by applying a multi-factor test, extraordinary circumstances merit abstention. *Id.*  These factors are as follows: (1) which court first assumed jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability to avoid piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law controls; and (6) whether the state court will adequately protect the interests of the parties. *Id.* at 308.

        After review, we will decline to abstain from this action.  The underlying claim here is a breach of contract claim raised by the plaintiffs against Phoenix.  As we indicated, the underlying proceeding in state court is a negligence action against Suburban, where defendant Phoenix is a non-party to the litigation.  Therefore, both

5

proceedings raise different claims and different allegations and issues.  Thus, Suburban fails to meet the threshold standard of showing parallel proceedings.

Since we find that Phoenix's complaint adequately pleads a claim of subrogation, we will deny Suburban's motion for a more definite statement.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 15, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM REYNA, :
SUSAN REYNA,
    Plaintiffs :

    vs. : CIVIL NO. 1:CV-10-0588

THE PHOENIX INSURANCE CO., :
    Defendant
    Third Party Plaintiff :

    vs. :

SUBURBAN PROPANE, INC., :
t/d/b/a SUBURBAN PROPANE,
    Third Party Defendant :

*O R D E R*

AND NOW, this 15th day of March, 2011, upon consideration of the Third-party Defendant's motion to dismiss or, in the alternative, for a more definite statement (doc. 43), it is ordered that said motions are denied.

                                            /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge